KNIGHT
FIRST AMENDMENT
INSTITUTE at
COLUMBIA UNIVERSITY

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500
info@knightcolumbia.org

October 29, 2026

Application **GRANTED**. Because Plaintiffs' motion was filed prior to assignment of the case and because the exhibits are largely news articles, which are publicly available, Plaintiffs do not need to refile. The parties are advised that future filings should comply with the Court's Individual Rules and that if parties file joint motions, they are collectively bound by the limits in Individual Rule III(B)(3) (*i.e.*, five declarations per motion, not five declarations per individual plaintiff). If Defendants seek to file additional documents or pages in opposition, they shall file a request on the docket pursuant to Individual Rule III(B)(3).

Dated: October 30, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**BY ECF**
Hon. Lorna G. Schofield
U.S. District Judge
500 Pearl Street
Southern District of New York
New York, NY 10007

**Re: *Roth, et al. v. Trump, et al.*, No. 26-CV-9327-LGS (S.D.N.Y.)**

Dear Judge Schofield,

I represent Plaintiffs in the above-referenced matter. I write on behalf of Plaintiffs in response to the Court's order, dated October 28, 2026, directing the parties to refer to the S.D.N.Y.'s Local Rules and Section III.B of this Court's Individual Rules. ECF No. 23.

Plaintiffs' Motion for a Preliminary Injunction ("Motion") complies with Local Rule 7.1 and Individual Rules III.B.1–2 because it contains 8,748 words with citations to relevant binding authority. Based on our understanding that the term "party" in Individual Rule III.B.3 refers to each individual party, the Motion complies with that rule because the six individual party Plaintiffs have filed 7 total declarations and 87 total exhibits, including only relevant material.

The exhibits listed below exceed the Court's 15-page limitation for exhibits. *See* Rule III.B.3. Plaintiffs filed these exhibits before this matter was assigned to the Court. Plaintiffs respectfully request that the Court permit them to exceed the 15-page limitation because each of the following exhibits contains support and context necessary or helpful for the Court's consideration of Plaintiffs' Motion. In the alternative, Plaintiffs respectfully request that the Court permit them to refile the following exhibits in compliance with the Court's 15-page limitation:

- Declaration of Plaintiff Daniel Froomkin
  - **Ex. 7**, ECF No. 11-20 (20 pages)
    - This article demonstrates Froomkin's reliance on specific White House reporting in his public writing.
- Declaration of Plaintiff Beverly Gage
  - **Ex. 8**, ECF No. 11-30 (21 pages)
    - This book chapter and its accompanying endnotes demonstrate Gage's reliance on specific White House reporting in her research and public writing.
- Declaration of Plaintiff Benjamin Wittes
  - **Ex. 4**, ECF No. 11-40 (20 pages)
    - This article demonstrates Wittes' reliance on specific White House reporting in his public writing.
  - **Ex. 11**, ECF No. 11-47 (24 pages)
    - This transcript demonstrates Wittes' reliance on specific White House reporting to direct and host the Lawfare Daily podcast.
  - **Ex. 12**, ECF No. 11-48 (19 pages)
    - This article demonstrates Wittes' reliance on specific White House reporting to direct and host the Lawfare Daily podcast.
- Declaration of Plaintiff Ethan Young
  - **Ex. 6**, ECF No. 11-56 (30 pages)
    - This article demonstrates Young's reliance on specific White House reporting in his journalism.
- Declaration of Katherine Fallow
  - **Ex. 2**, ECF No. 11-59 (25 pages)
    - This article demonstrates the government's consistent policy and practice in establishing a protected forum for newsgathering and reporting by the White House press corps.

- **Ex. 12**, ECF No. 11-69 (46 pages)
  - This public schedule demonstrates the extent to which the government incorporates the White House press corps and press pool into daily events and schedules.
- **Ex. 18**, ECF No. 11-75 (26 pages)
  - This transcript of an Oval Office press conference demonstrates the viewpoint-based nature of Defendants' Policy as well as the government's consistent policy and practice in at times including the Oval Office within a protected forum for newsgathering and reporting.
- **Ex. 31**, ECF No. 11-88 (32 pages)
  - This reply in support of plaintiffs' preliminary injunction motion in *CNN v. Trump*, No. 26-CV-3287-TJK (D.D.C.) demonstrates the chilling effect that Defendants' Policy has on members of the White House press corps.
- **Ex. 32**, ECF No. 11-89 (49 pages)
  - This memorandum in support of plaintiffs' preliminary injunction motion in *CNN v. Trump*, 26-CV-3287-TJK (D.D.C.) demonstrates the chilling effect that Defendants' Policy has on members of the White House press corps as well as the practical effects of enforcement actions under the Policy.
- **Ex. 35**, ECF No. 11-92 (31 pages)
  - This opposition to plaintiffs' preliminary injunction motion in *CNN v. Trump*, No. 26-CV-3287-TJK (D.D.C.) demonstrates Defendants' formal acknowledgement of the Policy and its viewpoint-based nature.
- **Ex. 36**, ECF No. 11-93 (19 pages)
  - This opposition to plaintiffs' temporary restraining order motion in *CNN v. Trump*, 26-CV-3287-TJK (D.D.C.) demonstrates Defendants' formal acknowledgement of the Policy and its viewpoint-based nature.

Plaintiffs respectfully request the Court's permission to exceed the 15-page limitation for the foregoing exhibits or, in the alternative, to

refile these exhibits in compliance with the Court's 15-page limitation. Thank you for your attention to this matter.

Respectfully,

/s/ Katherine Fallow

Katherine Fallow
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org