UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KENNETH ROTH et al., Plaintiffs, | : | 26 Civ. 9327 (LGS) |
| -against- | : | **ORDER** |
| DONALD J. TRUMP et al., Defendants. | : | |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 29, 2026, non-party Towaki Komatsu submitted via email to the Office of Pro Se Litigation a motion, appended below, for leave to file a motion to intervene in the above-captioned case (the "Motion").

WHEREAS, the Motion attaches as an exhibit an order by Judge Caproni, which enjoined Mr. Komatsu from filing any documents in cases to which he is not a party unless he complied with specified conditions. Order Imposing Filing Restrictions Pursuant to 28 U.S.C. § 1651, *Butler v. City of New York*, No. 15 Civ. 3783 (S.D.N.Y. Sep. 2, 2021), Dkt. 146. The Motion complies with the specified conditions.

WHEREAS, the Motion argues that leave to file a motion to intervene should be granted because no news organization has reported about allegations by Mr. Komatsu concerning a case previously before this Court, to which Mr. Komatsu was a party, and which was dismissed on September 27, 2021. *See Komatsu v. City of New York*, No. 18 Civ. 3698.

WHEREAS, a court may permit intervention, on timely motion, to anyone who "is given a conditional right to intervene by a federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

WHEREAS, Mr. Komatsu does not have a statutory right to intervene and does not have a claim or defense that shares with the main action a common question of law or fact. It is hereby

**ORDERED** that the Motion is **DENIED**.

Dated: November 2, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re: Motion for leave to file a motion to intervene in *Roth v. Trump*, No. 26-cv-9327 (LGS)(S.D.N.Y.)

To: U.S. District Judge Lorna Schofield, October 29, 2026

I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file this motion for leave to file a motion to intervene in this case as an interested party. Judge Caproni's 9/21/21 order in *Butler v. City of New York*, No. 15-cv- 3783 (VEC)(S.D.N.Y.) appears in the annexed **Exhibit A** and illegally blocks me from having sufficient pages to explain my grounds for intervening in this case by limiting me to just 1 page. Set aside that order by granting me 20 pages to express my grounds because it violates the U.S. Supreme Court's 3/31/26 decision in *Chiles v. Salazar*, No. 24-539 (U.S. Mar. 31, 2026) that notes that government personnel may not "silence our voices". Among my grounds for intervening in this case is the fact that the New York Times and others aren't a surrogate for the public in reporting about newsworthy information. For example, no one has reported about the fact that **a)** you subjected me to pretextual First Amendment retaliation in *Komatsu v City of New York*, No. 18-cv-3698 (LGS)(S.D.N.Y. Sep. 27, 2021) by dismissing it in response to criticism that I expressed partly against you, federal court security officers ("CSOs"), and the U.S. Marshals Service ("USMS") before and after Judge Gorenstein lied to me during my 10/31/19 conference in that case by fraudulently claiming that he couldn't grant me any relief about illegal and otherwise abusive behavior against me by CSOs and the USMS that included assaults against me inside of the Daniel Patrick Moynihan courthouse. He wouldn't lied about that if you hadn't refused to directly handle my complaints against the USMS and CSOs in my 7/20/18 letter in that case.

s_/Towaki Komatsu


| | |
|---|---|
| | c/o City View Inn |
| | 33-17 Greenpoint Ave. |
| | Long Island City, NY 11101 |
| | Tel: 929-344-6552 |
| | E-mail: Towaki_Komatsu@yahoo.com |

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN MORRIS; RICHARD EMMETT; ROSELLE DIAZ; KEVIN FAISON; SHANIQUA JACKSON; CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK; AND COALITION FOR THE HOMELESS, *for themselves and on behalf of all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; STEVEN BANKS, *as Commissioner of the New York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases, and various judges of this court have denied his motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

**Date: September 2, 2021**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**