SHER TREMONTE LLP

November 2, 2026

**BY ECF**

Any opposition to this motion shall be filed by **November 17, 2026**.

Dated: November 3, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** ***Roth et al v. Trump et al*,**
No. 26-cv-09327 (LGS)

Dear Judge Schofield,

We represent a group of First Amendment scholars, thinkers, and practitioners, on whose behalf we respectfully move for leave to file an amicus curiae brief in the above-referenced matter in support of Plaintiffs' Motion for a Preliminary Injunction, *see* ECF No. 11 (the "Motion"). If granted leave, the proposed amici ("Amici") will file the brief attached as Exhibit A. Plaintiffs consent to this request. We have reached out to the United States Attorney's Office for the Southern District of New York regarding this request, but as of the time of filing have not received its position.

**I. Interest of Amici**

Amici are First Amendment scholars and experts who have taught courses in constitutional law or the First Amendment, published articles and books on these issues, and dedicated significant attention to the study of First Amendment protections. Through years of scholarship, research, and advocacy, Amici have developed significant expertise on the constitutional issues presented in this case. This expertise pertains not only to the application of First Amendment principles in caselaw, but also in the historical context of the First Amendment and its significance in a self-governing, democratic society.

**II. The Court Should Grant Leave to File an Amici Curiae Brief**

District courts have broad discretion to permit or deny the appearance of amici curiae in a given case. *See United States v. Terry*, No. 24-cr-427 (LGS), 2026 WL 458567, at *1 (S.D.N.Y. Feb. 18, 2026) (Schofield, J.) (quoting *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15 Civ. 2739, 2022 WL 3536117, at *1 (S.D.N.Y. Aug. 18, 2022)). Amicus curiae submissions may be accepted where they "are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 1:11-cv-06746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citing *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). Courts may grant leave for such a submission if the contribution offered is "timely and would be uniquely useful in the adjudication of an issue pending before the

district court." *Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, No. 26-CV-3243 (VSB) (KHP), 2026 WL 2111872, at *1 (S.D.N.Y. July 22, 2026). Courts are more likely to grant leave in cases implicating matters of significant public interest. *Andersen v. Leavitt*, No. 03-CV-6115 DRHARL, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting 4 Am. Jur. 2d Amicus Curiae § 3 (updated May 2007)).

The instant request for leave to file an amicus curiae brief is timely. While there is no governing standard which prescribes the procedure for obtaining leave to file an amicus brief in this district, pursuant to Federal Rule of Appellate Procedure 29(a)(6), "amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Here, Plaintiffs' Motion was filed on October 26, 2026. Therefore, this request is timely by analogy to the Appellate Rules. When evaluating whether to permit amicus curiae submissions, district courts may also consider whether the acceptance of an amicus brief will cause any delay in the litigation. *Andersen*, 2007 WL 2343672, at *2. Defendants' deadline to respond to Plaintiffs' Motion is November 9, 2026, one week after the filing of this request. ECF No. 23. Thus, filing the attached brief will not affect the Court's briefing schedule, nor will it cause delay in the litigation. *Goldstein v. Hochul*, No. 22-CV-8300 (VSB), 2022 WL 22915988, at *2 (S.D.N.Y. Oct. 19, 2022) (permitting amicus brief over objection). Amici's submission is therefore timely under either standard.

Amici respectfully submit that the proposed brief will offer helpful insight into the principles and purposes of the First Amendment from a scholarly perspective. Thus, this brief will provide "unique information or perspective" that may aid the Court in resolving the Motion and is properly submitted. *Id.* (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021)). The proposed brief seeks to address not just the press' right to speak freely, but also the people's right to receive speech. This right, which has been repeatedly recognized by the Supreme Court, is at its zenith where government policy seeks to interfere with the public's right to receive information from the free press. Due to Amici's expertise in these issues, and because the issues are of significant public interest, Amici respectfully submit that the attached brief would assist the Court in its decision-making.

**III. Conclusion**

For the foregoing reasons, Amici respectfully request that this Court grant leave to file the amicus curiae brief attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Noam Biale*
Noam Biale
Douglas Jensen
Grace Coleman

*Attorneys for Amici Curiae*

cc: All counsel of record (by ECF)