KNIGHT
FIRST AMENDMENT
INSTITUTE at
COLUMBIA UNIVERSITY

475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
info@knightcolumbia.org

November 5, 2026

**BY ECF**
Hon. Lorna G. Schofield
U.S. District Judge
500 Pearl Street
Southern District of New York
New York, NY 10007

**Re: *Roth, et al. v. Trump, et al.*,**
**No. 26-CV-9327-LGS (S.D.N.Y.)**

Dear Judge Schofield,

Plaintiffs oppose the Government's request for a two-week extension of time to respond to Plaintiffs' motion for a preliminary injunction ("Motion"). The Government has not demonstrated "good cause"—let alone "compelling reasons"—sufficient to justify an extension of the briefing schedule set by the Court. Fed. R. Civ. P. 6(b); Individual Rule I.B.3. In support of its request, the Government cites nothing beyond the routine demands of litigation. *See* Gov't's Request, ECF No. 32. In the meantime, Plaintiffs continue to suffer irreparable harm in the absence of an injunction.

Plaintiffs are six individuals who are challenging the White House's policy of expelling or otherwise punishing journalists and news organizations for coverage that President Trump does not like ("Policy"). As Plaintiffs' Motion explains, the Policy unconstitutionally burdens Plaintiffs' right to receive reporting about the president and his administration—a quintessential "deprivation of First Amendment rights" that constitutes ongoing "irreparable harm." *Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620, 637 (2d Cir. 2020); *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013); *see* Mot. 26, ECF No. 11. Contrary to the Government's suggestion, Gov't's Request 1, the "partial injunctive relief" obtained in lawsuits brought by individual news organizations has not cured, and cannot cure, the irreparable harm that the Policy causes to Plaintiffs' First Amendment right to receive information from White House reporters in a protected forum. This partial injunctive relief has not stopped Defendants from

continuing to bar those news organizations from covering the president in certain spaces within that forum. Mot. 6–11. And Defendants' threats to restrict other news organizations' access is likely to chill those organizations' reporting and distort and limit the information that Plaintiffs receive. Mot. 10, 12, 17–18; *see also Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 324 (S.D.N.Y. 2020).

Accordingly, Plaintiffs respectfully request that this Court deny the Government's request for a two-week extension. If the Court is inclined to grant the Government an extension of time, Plaintiffs respectfully request that the Court grant no more than a one-week extension to avoid additional prejudice to Plaintiffs whose counsel would otherwise be required to draft their reply over a federal holiday weekend and while their offices are closed.

Respectfully,

/s/ Katherine Fallow

Katherine Fallow
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org