**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KENNETH ROTH; DANIEL FROOMKIN; BEVERLY GAGE; PETER SCHMIDT-NOWARA; BENJAMIN WITTES; and ETHAN YOUNG,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; STEVEN CHEUNG, in his official capacity as Assistant to the President for Communications; SEAN M. CURRAN, in his official capacity as Director of the Secret Service; and SUSAN WILES, in her official capacity as White House Chief of Staff,

Defendants.

No. 26 Civ. 9327 (LGS)

**DEFENDANTS' REPLY MEMORAMDUM OF LAW**
**IN SUPPORT OF MOTION TO TRANSFER**

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2724
Email: pierre.armand@usdoj.gov

PIERRE G. ARMAND
Assistant United States Attorney
—*Of Counsel*—

Defendants respectfully submit this reply memorandum of law in further support of their motion to transfer, ECF No. 35 ("Br.").[1]

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THIS ACTION TO D.D.C.

Plaintiffs concede that they could have brought this action in D.D.C. but contend S.D.N.Y. is appropriate because plaintiff Roth resides in S.D.N.Y. and his choice of forum should be afforded deference. Plaintiffs' Reply, ECF No. 40 ("Repl.") 13-14 & n.3. But a plaintiff's choice of forum is entitled to diminished weight where the operative facts "have few meaningful connections" to that forum. *Simpson v. Rodas*, No. 10 Civ. 6670 (CS), 2012 WL 4354832, at *10 (S.D.N.Y. Sept. 21, 2012); *Dynamic Data Technologies, LLC v. HTC Corp.*, No. 18 Civ. 10180 (GHW), 2019 WL 2433549, at *7 (S.D.N.Y. June 11, 2019) (no deference where "balance of the factors strongly favors transfer."). That is precisely the situation here.

The "location of the operative events is a primary factor in determining a § 1404(a) motion to transfer," *Alpha Industries, Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87 (KPF), 2021 WL 2688722, at *6 (S.D.N.Y. Jun. 30, 2021), and in "determin[ing] the locus of operative facts, a court must look to the site of the events from which the claim arises." *Sentegra, LLC v. ASUS Computer Int'l*, 15 Civ. 3768 (GHW), 2016 WL 3093988, at *5 (S.D.N.Y. Jun. 1, 2016) (quotation marks omitted). All of the alleged operative facts occurred in the D.D.C., as (i) plaintiffs challenge an alleged policy by which White House officials in D.D.C. purportedly restricted access of White House reporters to the White House, Compl. ¶¶ 1-2; (ii) reporters whose access to the White House Plaintiffs claim was restricted under this policy, *see id.* ¶¶ 37-43, have filed lawsuits challenging the same restrictions in the D.D.C., *Associated Press*, No. 25 Civ. 532, ECF No. 1, ¶ 19 (D.D.C.

---

[1] This memorandum adopts the abbreviations defined in Defendant's brief in support of transfer and in opposition to preliminary injunction, ECF No. 35 ("Br.").

Feb. 21, 2025); *Cable News Network*, No. 26 Civ. 3287, ECF No. 1, ¶ 22 (D.D.C. Sept. 21, 2026); and (iii) two of the three individual reporter plaintiffs challenging these restrictions are based in D.D.C, while the other is located nearby in Arlington, Virginia, *Cable News Network*, No. 26 Civ. 3287, ECF No. 1, ¶¶ 12-14.

Unable to dispute these facts, Plaintiffs contend that Roth purportedly "experiences the impact" of the alleged policy in S.D.N.Y. Repl. 16. But "[t]he venue inquiry 'focus[es] on relevant activities of the defendant, not of the plaintiff.'" *Jenkins v. Miller*, 983 F. Supp. 2d 423, 464 (D. Vt. 2013) (quoting *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 432 (2d Cir. 2005)).

Plaintiffs do not advance their argument by citing *Kalman v. Cortes*, Repl. 16, where the plaintiff claimed that Pennsylvania denied his application for a name for his business based on content in violation of the First Amendment, and the court declined to transfer the case away from the district where the plaintiff's business was located because that was where the allegedly curtailed "speech would have taken place." 646 F. Supp. 2d 738, 742 (E.D. Pa. 2009). That is not this case. Here, Plaintiffs do not identify any allegedly restricted speech that would have occurred in this District. Instead, Plaintiffs invite this Court to hold that the locus of operative facts for a First Amendment claim can be anywhere a listener happens to reside, regardless of where the allegedly curtailed speech would have occurred. Yet they fail to identify any court that has ever recognized this anywhere-venue theory.

Plaintiffs' reliance on *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, Repl. 13-16, is unavailing. In *Dentsply*, this Court denied transfer where the plaintiff demonstrated substantial connections to this District, including that the defendant sold infringing products to a "large number" of third parties in this District, who plaintiff intended to call as witnesses. No. 15 Civ.

8775 (LGS), 2016 WL 868335, at *3 (S.D.N.Y. Mar. 4, 2016). Plaintiffs cannot match these connections to S.D.N.Y., and instead rely on Roth's residence. While Plaintiffs claim that CNN was not allowed to accompany the President on a single Air Force One flight to the United Nations, Repl. 17, that is not a connection to S.D.N.Y., as Plaintiffs allege that the restricted access occurred on the plane trip, not at the United Nations. Compl. ¶ 44.

The convenience of witnesses favors transfer to D.D.C. Plaintiffs do not dispute that White House officials and other relevant government witnesses with knowledge of the alleged policy and its implementation are located in or around Washington, D.C. *Id.* ¶¶ 18-20. Furthermore, two of Plaintiffs reside in D.D.C. and one Plaintiff resides in Philadelphia, which is within 150 miles of D.D.C. *Id.* ¶¶ 12, 15, 16. And the convenience of non-party witnesses, which Plaintiffs concede is "accorded more weight than that of party witnesses," Repl. 15 (citation omitted), supports transfer to D.D.C. because, as noted above, three of the non-party reporters who Plaintiffs claim were excluded from the White House under the alleged policy are located in or near D.C., would be subject to service of process there, and are thus likely to find it more convenient to testify there. *Cable News Network*, No. 26 Civ. 3287, ECF No. 1, ¶¶ 12-14. Plaintiffs cannot dismiss these facts as "speculation," Repl. 15, as Plaintiffs expressly rely upon the alleged exclusion of these reporters in their complaint, Compl. ¶¶ 2, 37-39, 41-45, and these reporters have indicated where they are located in their own complaints. Plaintiffs' suggestion that large media organizations may have the resources to appear in the S.D.N.Y. or may be headquartered here, Repl. 15, misses the mark, as the relevant question Plaintiffs fail to address is whether White House reporters employed by these organizations are located in the S.D.N.Y. As to Plaintiffs' complaint that the Government did not provide a "detailed list" of inconvenienced witnesses, that is of no moment where, as here, transfer is sought "on account of several factors." *Gordon v. State Farm Fire & Casualty Co.*,

No. 24 Civ. 8392 (GHW), 2025 WL 1079096, at *5 (S.D.N.Y. Apr. 10, 2025).

Convenience of the parties favors transfer because Plaintiffs fail to identify a single government witness located in S.D.N.Y.; two of Plaintiffs reside in D.D.C. and one Plaintiff resides less than 150 miles from D.D.C., Compl. ¶¶ 12, 15, 16; and Plaintiffs' counsel is already involved in the AP litigation alleging the same conduct, *Associated Press*, No. 25 Civ. 532, ECF. No. 48 (D.C. Cir. Apr. 8, 2025). Transfer is warranted because it "would increase convenience to [defendants] without generally increasing the inconvenience to the [plaintiffs]." *Dynamic Data Technologies*, 2019 WL 2433549, at *4. Indeed, courts transfer cases when no government witnesses are located in the district. *See, e.g.*, *Ruiz ex rel. E.R. v. United States*, No. 13 Civ. 1241 (KAM) (SMG), 2014 WL 4662241, at *11-13 (E.D.N.Y. Sept. 18, 2014) (transferring case where no government agents with knowledge of events resided in New York).

The relative means of the parties is neutral and does not favor Plaintiffs, who fail to "offer documentation to show that transfer . . . would be unduly burdensome to [their] finances." *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010) (internal quotation marks omitted). The Government also notes that Plaintiffs have *pro bono* representation in this case. Repl. 18.

The forum's familiarity with the governing law is a neutral factor, as this Court is familiar with the legal issues presented here, and two judges in D.D.C. are also familiar with these issues, having already issued decisions in two related lawsuits filed by AP, CNN, MS NOW, and Politico.

Finally, the interests of justice and totality of the circumstances favor transfer. Contrary to Plaintiffs' claim, Repl. 18-19, the fact that this case is in its early stages factors into the analysis and supports transfer. *See Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 32-33 (S.D.N.Y. 2016). Moreover, the judicial economies of consolidating this matter with one of the related actions

pending in D.D.C. are obvious. As Plaintiffs' claims are premised on the same alleged restrictions at issue in the AP and CNN cases, discovery in these cases will involve overlapping documents and witnesses. The cases also will involve similar legal issues, including whether any speech was restricted based on content and whether Presidential areas are fora to which First Amendment protections apply. Given that the D.C. Circuit will likely address common legal issues, transfer to D.D.C. would avoid potential inconsistent rulings. For the same reasons the Court should transfer the case to D.D.C. without considering Plaintiffs' preliminary injunction motion so that motion can be resolved consistently with the law of that Circuit. *Baldwin Hardware Corp. v. Harden Industries*, Inc., 663 F. Supp. 82, 85-86 (S.D.N.Y. 1987) (transferring without adjudicating preliminary injunction motion).

## CONCLUSION

The Court should transfer this action to D.D.C.

Dated: November 25, 2026
New York, New York

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/ *Pierre G. Armand*
PIERRE G. ARMAND
Assistant United States Attorney
Telephone: (212) 637-2724
Email: pierre.armand@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

The above-named counsel hereby certifies that this memorandum complies with the 1,500 word-count limitation set forth in the Court's November 18, 2026 Order (ECF No. 38). As measured by the word processing system used to prepare it, this memorandum contains 1,488 words.

Dated: New York, New York
November 25, 2026

*/s/ Pierre G. Armand*
PIERRE G. ARMAND
Assistant United States Attorney