UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KENNETH ROTH et al., Plaintiffs, | : | 26 Civ. 9327 (LGS) |
| -against- | : | **ORDER** |
| DONALD TRUMP, in his official capacity as President of the United States, et al., Defendants. | : | |

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, this Order concerns Defendants' request to transfer this action to the U.S. District Court for the District of Columbia ("D.D.C."). Plaintiffs commenced this action in this court on October 26, 2026, alleging violations of the First Amendment by President Trump and his aides relating to an alleged policy and practice of punishing members of the White House press corps whose reporting the President views as "false" or "fake" (the "Policy"). Plaintiffs are a human rights advocate, a media watchdog, a historian, a civics teacher, a legal journalist and a student journalist who allege that they rely on the White House press corps for independent reporting about the President and his administration and use that reporting in a variety of ways in their scholarship, teaching, journalism or advocacy. Plaintiffs seek a declaration that the Policy violates the First Amendment and an injunction to stop enforcement of the Policy. Plaintiffs filed a motion for preliminary injunction, which seeks relief against only Defendants Cheung, Curran and Miller, and an accompanying memorandum of law on October 26, 2026.

WHEREAS, Plaintiffs allege that venue is proper in the U.S. District Court for the Southern District of New York ("S.D.N.Y.") pursuant to 28 U.S.C. § 1391(b)(2) and (e)(1) because a substantial part of the events giving rise to the claim occurred in the District. Plaintiff

Kenneth Roth also resides in New York, New York. The remaining Plaintiffs live in Brooklyn, New York; Cheshire, Connecticut; Philadelphia, Pennsylvania and Washington, D.C.

WHEREAS, in their opposition to Plaintiffs' motion for preliminary injunction, Defendants requested transfer of this action to D.D.C. By Order dated November 18, 2026, the request was construed as a motion to transfer, and a briefing schedule was entered.

WHEREAS, although venue in this District is proper, transfer is appropriate under 28 U.S.C. § 1404(a).

**Applicable Law**

WHEREAS, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021).[1]

WHEREAS, determining whether transfer is appropriate is a two-step inquiry. First, courts are required to determine whether the case could have been brought in the proposed transferee district. *Dow Jones & Co. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 335 (S.D.N.Y. 2025). If that threshold issue is met, courts must determine whether transfer is appropriate. *Id.* "Among the factors to be considered in determining whether to grant a motion to transfer are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). The party requesting transfer bears the burden of establishing that transfer is warranted by clear and convincing evidence. *Id.* at 114.

**Application**

WHEREAS, no party contends that this action could not have been brought in D.D.C.

WHEREAS, the transfer factors either weigh in favor of transfer or are neutral.

WHEREAS, Plaintiffs' choice of forum is neutral. "Courts give a high degree of deference to the plaintiff's choice of forum," and "[g]reat deference is given when a plaintiff sues in its home forum." *Rag & Bone Holdings, LLC v. Miramar Brands Grp., Inc.*, No. 25 Civ. 9937, 2026 WL 2334709, at *7 (S.D.N.Y. Aug. 12, 2026). Plaintiffs' choice of forum is, however, "just one of the several factors" that the court must consider. *Corley*, 11 F.4th at 90; *see also Nuss v. Guardian Life Ins. Co. of Am.*, No. 20 Civ. 9189, 2021 WL 1791593, at *3 (S.D.N.Y. May 5, 2021) (noting that to consider plaintiff's choice of forum controlling would render Section 1404(a) "all but meaningless"). While this District is the home forum of Plaintiff Roth, D.D.C. is the home of two other Plaintiffs, and the remaining three Plaintiffs live in other districts. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable."); *accord Nuss*, 2021 WL 1791593, at *3. Also, as discussed below, the importance of Plaintiffs' choice is measurably diminished because "the operative facts have few meaningful connections to the plaintiff[s'] chosen forum." *Nuss*, 2021 WL 1791593, at *3.

WHEREAS, the convenience of witnesses favors D.D.C. For party witnesses, D.D.C. is the more convenient forum. On Defendants' side, substantially all of the government witnesses

with knowledge of the Policy and its implementation are located in or around Washington, D.C. On Plaintiffs' side, two of the six Plaintiffs reside in Washington, D.C. The remaining four Plaintiffs reside on the East Coast, not significantly far from Washington, D.C. Possible non-party witnesses, such as the reporters whose press access was allegedly revoked under the Policy, are likely to be located in the vicinity of Washington, D.C. The convenience of the majority of both party and non-party witnesses weighs in favor of transfer.

WHEREAS, the locus of operative facts favors D.D.C. The Policy was predominantly developed, adopted and implemented in Washington, D.C. *See Prisoners' Legal Servs. of N.Y. v. U.S. Dep't of Homeland Sec.*, No. 25 Civ. 1965, 2025 WL 2452247, at *5 (S.D.N.Y. Aug. 25, 2025) (considering as operative facts those related to "the development, adoption, or implementation" of a policy). Plaintiffs cite a case from the Eastern District of Pennsylvania to argue that the locus of operative facts should, because this is a First Amendment case, be determined by where Plaintiffs experience the impact of the Policy. *See Kalman v. Cortes*, 646 F. Supp. 2d 738, 742 (E.D. Pa. 2009) ("In a case brought on First Amendment grounds, impact becomes the most important part of the case. Minimizing the impact of the [policy], compared to its adoption or administration, would marginalize the [p]laintiff's substantive First Amendment claim[] under the guise of a venue statute."). This is insufficient to outweigh the factors in favor of transfer. Even "[a]ccepting Plaintiffs' argument that some weight should be afforded to the district where Plaintiffs were harmed, Plaintiffs here were harmed in multiple places," which weakens the argument that S.D.N.Y. is the appropriate forum. *See Prisoners' Legal Servs. of N.Y.*, 2025 WL 2452247, at *4. Plaintiffs have not shown that a substantial part of the events giving rise to the claim occurred in S.D.N.Y. beyond a conclusory allegation that the challenged conduct occurred here in part while the President was traveling.

WHEREAS, the relative means of the parties is neutral. "A disparity of means does not weigh in the plaintiffs' favor unless they offer documentation to show that transfer would be unduly burdensome to their finances," which Plaintiffs have not done here. *See Paulson v. Guardian Life Ins. Co. of Am.*, 614 F. Supp. 3d 1, 9 (S.D.N.Y. 2022).

WHEREAS, the parties agree that the location of relevant documents and relative ease of access to sources of proof and the availability of process to compel the attendance of unwilling witnesses are neutral.

WHEREAS, some courts also consider the forums' relative familiarity with the law, judicial economy and trial efficiency and the interests of justice. *See, e.g.*, *Prisoners' Legal Servs. of N.Y.*, 2025 WL 2452247, at *8-9. These factors also weigh in favor of transfer or are neutral. Familiarity with the law is a neutral factor because this case presents federal claims, and "all federal courts are presumed to be equally familiar with federal law." *Paulson*, 614 F. Supp. 3d at 10. Judicial economy and trial efficiency are neutral because these factors are generally concerned with docket congestion, which the parties do not raise. *See Nuss*, 2021 WL 1791593, at *8-9 (finding parties' arguments regarding docket congestion unavailing even when raised). The interests of justice slightly favor D.D.C. because, as noted, this case has no meaningful relation to S.D.N.Y.

WHEREAS, Plaintiffs' arguments in opposition to transfer, which are based almost entirely on Plaintiff Roth's residence in S.D.N.Y., apply with double the force in favor of transfer to D.D.C., where *two* of the Plaintiffs reside. It is hereby

**ORDERED** that this case is transferred to the U.S. District Court for the District of Columbia.

The Clerk of Court is respectfully directed to transfer this case to the U.S. District Court for the District of Columbia.

Dated: November 25, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**